UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>(1) JAMES PRANGE, )<br>(2) STEVEN BERMAN, )<br>(3) RICHARD KRANITZ, )<br>(4) KAREN PERSON, )<br>(5) JOHN C. JORDAN, )<br>)<br>Defendants. )<br>)<br>) | Criminal No. 11-CR-10415-NMG<br><br>VIOLATIONS:<br>18 U.S.C. § 1349 (Conspiracy to<br>Commit Securities Fraud)<br>18 U.S.C. §§ 1343, 1349, 2 (Wire Fraud)<br>18 U.S.C. §§ 1341, 1349, 2 (Mail Fraud)<br>18 U.S.C. § 981 (Criminal Forfeiture)<br>28 U.S.C. § 2461 (Criminal Forfeiture) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO ADVICE OF
COUNSEL PROFFER BY DEFENDANTS PRANGE AND JORDAN**

**INTRODUCTION**

The government respectfully submits this response in opposition to the attempt by defendants Prange and Jordan to proffer facts sufficient to advance an affirmative defense of good faith reliance on advice of counsel. For the reasons set forth below, neither of the defendants has set forth facts which, if proved at trial, would satisfy his burden of proving that he (a) honestly and *in good faith* sought the advice of a lawyer as to what he may lawfully do; (b) fully and honestly laid all the facts before his lawyer; and (c) *in good faith* honestly followed such advice, relying upon it and *believing it to be correct*. See Bunchan v. United States, No. 06-CR-10004-RGS, 2011 WL 3022537, at *5 (D. Mass. 2011) (unpublished) (citing 1 L. San, et al., Modern Federal Jury Instructions: Criminal, ¶ 8.04 (2006)) (emphasis added).

1

**ARGUMENT**

As set forth in the government's opening brief, "[a] defendant is not immunized from criminal prosecution merely because he consulted an attorney in connection with a particular transaction," United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006), and the advice of counsel defense "necessarily fails where counsel acts as an accomplice to the crime," United States v. West, 392 F.3d 450, 457 (D.C. Cir. 2004), or where defendants retain counsel "to insure the success of their mendacious scheme," United States v. Shewfelt, 455 F.2d 836, 839 (9th Cir. 1972). Here, both Prange and Jordan have failed to meet their burden of setting forth \facts suggesting that they sought the advice of attorney Richard Kranitz *in good faith*, or that they relied on that advice *believing it to be correct*.

First, although Prange cites several statements by his co-defendant, Steven Berman – who, along with Kranitz, has already pled guilty to conspiracy to commit securities fraud – he offers no evidence that *he* sought Kranitz's advice, or that *he* relied on it. In this regard, Prange's contention that he made "full disclosure" of the kickback scheme to Kranitz in the course of seeking Kranitz's advice is untrue. Prange cites no evidence that he ever told Kranitz of his side deal to take a ten percent cut of the kickbacks he now calls "morally repugnant," from the undercover agent he now labels "shady." (Prange Br. at 2-3). That is because Prange accepted the agent's offer to share in the kickbacks on the spot, without waiting for advice from anyone. (See Gov't Appx. to Motion *in Limine*, Tab 6, at 823-831).

Second, the evidence Prange proffers does not suggest that Berman – much less Prange himself – approached Kranitz for advice about *the legality* of the scheme. Instead, Berman approached Kranitz to facilitate a cover-up. As Berman himself put it, Kranitz's role was to

2

"figure out a way *to characterize* the consulting agreement in a way *where it passes the sniff test*." (Prange Ex. 3, at 1052-56). Berman's concern was not breaking the law; it was getting caught. See Shewfelt, 455 F.2d at 839 (affirming refusal to provide advice of counsel instruction where "facilitation of [the defendants'] scheme was the essence of the attorney-client relationship"). As Prange himself suggested in discussing the forms Berman wanted Kranitz to create to help "paper" the transaction: "Rich isn't gonna be able to provide anything different than what we already know." (Prange Ex. 5, at 3557-58).

    Third, Prange does not cite any evidence that he approached Kranitz *in good faith,* or that he relied on Kranitz's advice *believing it to be correct*. He cannot do so, because Prange and Berman were advised by the cooperating witness even before they approached Kranitz that the kickback scheme was "definitely inappropriate" and "in my mind, illegal." (Prange Ex. 3 at 937, 954, 958). Thereafter, in the conversation among Kranitz, Prange and the CW cited in Prange's brief, the CW bluntly advised Kranitz that the fund was not aware of the secret kickback:

> KRANITZ: I guess I got to point blank ask this: *is the fund itself aware of these proceeds*?
>
> CW: Ah, the, the fund itself, ah, knows of the transactions, but *they don't know of the, the, ah, the 50, 50 percent kickback to him*.
>
> KRANITZ: Mm, hmm.
>
> CW: That, they, *they're not aware of that*.
>
> KRANITZ: Okay.

(Prange Ex. 4, at 1692-1707). The conversation also included the following exchange:

> PRANGE: When the money is paid back, Ed, is it paid back to the same place each time or is it paid back in different names?

3

|  |  |
|---|---|
| CW: | No, he has like seven or eight different nominee names. . . . *[I]t's too suspicious* to see the same nominee getting, ah, all that money. And it'd, *it'd be very suspicious*. |
| PRANGE: | *Right*. |

(Id. at 1717-39). Prange cannot credibly contend that he in good faith believed it was legal to share a secret kickback – as part of a transaction he had been told was "inappropriate" and "illegal" – where the kickback would be masked by payments to "nominee" companies whose identity would keep changing *to avoid suspicion*, for consulting work that never occurred.

Similarly, Jordan does not, because he cannot, proffer facts that meet *any* of the elements of the advice of counsel defense.

First, Jordan does not even contend that he affirmatively sought Kranitz's advice "as to what he may lawfully do." Id. Instead, he contends that "had there been a problem with the deal," he believed that "Vida Life would have been advised not to go forward." (Jordan Br. at 2). That is not enough. The affirmative defense of advice of counsel requires more than simply waiting passively for a lawyer to provide advice the client never even sought.

Second, Jordan does not contend that he "fully and honestly laid all the facts before his lawyer." Bunchan, 2011 WL 3022537, at *5. Instead, he simply suggests, without more, that it was his "understanding" that Kranitz "was aware of all the details." (Jordan Br. at 2). Once again, that is not enough to invoke this affirmative defense.[1]

Third, Jordan does not, because he cannot, cite any evidence that he *in good faith* followed Kranitz's advice, *believing it to be correct*. Id. Like Prange, Jordan cannot credibly

---

[1] Indeed, even if *the government* were ultimately to prove that Kranitz was aware of the relevant facts, that would not satisfy *Jordan's* burden of proving that *he* made sure, at the time, that his lawyer was aware of those facts in the course of seeking legal advice.

4

contend that he believed it was legal to pay secret kickbacks for investments he was told he would not otherwise receive.  Nor can he credibly argue that he in good faith believed it was legitimate to cover up those kickbacks by creating fake invoices for consulting work that never happened – and to include in those invoices line items for travel and conference attendance fees that were invented out of whole cloth.

## CONCLUSION

Because the defendants have thus failed to proffer facts that, if proved, would warrant an advice of counsel instruction to the jury, the government respectfully requests that they be precluded from advancing an advice of counsel defense at trial.  The government further requests that, in the event the Court permits the defendants to advance such a defense, the Court order China Wi-Max and VidaLife to produce any documents reflecting purported legal advice rendered in connection with the kickback scheme.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Stephen E. Frank*____
STEPHEN E. FRANK
SARAH E. WALTERS
Assistant U.S. Attorneys

Dated:  April 19, 2013

CERTIFICATE OF SERVICE

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: April 19, 2013

                                */s/ Stephen E. Frank*
                                STEPHEN E. FRANK